**Hilda DOWNING, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration Defendant–Appellee.**

**No. 04–55399.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.\*

Decided Feb. 16, 2006.

Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Peter K. Thompson, Gov., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: LEAVY and RAWLINSON, Circuit Judges, and MAHAN,\*\* District Judge.

MEMORANDUM \*\*\*

Hilda Downing appeals the district court's judgment denying her motion for summary judgment and granting the Commissioner of Social Security's motion for summary judgment. The district judge affirmed the Commissioner's denial of

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Downing's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, finding that the Administrative Law Judge's ("ALJ") decision denying Downing's request was properly supported by substantial evidence and based on proper legal standards. We affirm.

Downing argues that the ALJ's decision was not supported by substantial evidence because he improperly disregarded the opinions of the consulting clinical psychologist ("CCP") and the non-examining state agency physician. However, an ALJ may reject a medical opinion if it is "conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002) (citation omitted). Additionally, it is the ALJ's responsibility to determine: (1) whether there are internal inconsistencies in a physician's report; (2) whether those inconsistencies are material; and (3) "whether certain factors are relevant to discount" the physician's opinion. *Morgan v. Commissioner of the Social Security Administration*, 169 F.3d 595, 603 (9th Cir.1999). Therefore, an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or is inadequately supported. *See id.; see also Thomas*, 278 F.3d at 957.

Furthermore, the ALJ may reject a physician's opinion by providing clear and convincing reasons supported by the entire record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995).

Here, the ALJ based his determination on the medical evidence in the entire record, as well as Downing's own statements at the administrative hearing. The ALJ determined that the CCP's opinion was completely unsupported by medical evi-

dence, inconsistent with other findings in the report and record, and was therefore entitled to no persuasive value. He further determined that the state agency physician's opinion was unworthy of any persuasive value since it was based solely on the unsupported CCP's report. Therefore, the ALJ properly rejected the consulting clinical psychologist's opinion and the non-examining state agency physician's opinion. The ALJ's conclusion that Downing could perform her past relevant duties and was therefore not disabled under the Social Security Act is supported by substantial evidence.

**AFFIRMED.**